UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

LAWRENCE HOLUB,

    Petitioner,

v.                                        Case No. 5:05-cv-427-Oc-10GRJ

WARDEN, FCC COLEMAN - LOW,

    Respondent.

## **ORDER OF DISMISSAL**

This case is before the Court upon the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). The Petitioner is a federal prisoner at the Coleman Federal Correctional Complex challenging his 1996 jury convictions of unlawful importation of cocaine and possession of cocaine with intent to distribute, for which Petitioner received concurrent 262-month sentences. Petitioner was convicted in the United States District Court for the Central District of California.

In the Petition, the Petitioner attacks the validity of his convictions and sentences rather than the means of execution. Petitioner contends that his sentences are unlawful because he was sentenced for drug quantities that were neither charged in the indictment nor proven to a jury beyond a reasonable doubt.

A review of the docket from the Central District of California reflects that Petitioner unsuccessfully pursued relief under 28 U.S.C. § 2255 at least four times,

most recently in April 2004.  See Holub v. Kenyon et al., case number 2:04-cv-02278-GAF (C.D. Cal., Sept. 17, 2004, dkt entry. no. 6).  Thus, it is clear that Petitioner is now pursuing relief in this Court under § 2241 because filing a motion under § 2255 would be barred as a successive petition.  See  28 U.S.C. § 2255.  However, under these circumstances Petitioner is expressly precluded by § 2255 from pursuing any remedies under § 2241.  Section 2255 states that an application such as this  "shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court denied him relief[.]"

Under limited circumstances, a Petitioner may avoid the preclusive effect of that prohibition by invoking the "savings clause" in § 2255 which permits relief to be sought under § 2241 if it "appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of [the applicant's] detention."  However, the unavailability of relief under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar does not demonstrate that  the § 2255  remedy  is  inadequate or  ineffective. Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999).  In Wofford, the Eleventh Circuit held that:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal or first

§ 2255 motion.

Id. (emphasis added).

Even when those narrow and stringent requirements are met so as to "open the portal" to a § 2241 proceeding, the Petitioner must then demonstrate "actual innocence." Id. (citing Bousley v. United States, 523 U.S. 614, 623 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.")).

Although not specifically cited, it is apparent that Petitioner's claims are based on Apprendi v. New Jersey, 530 U.S. 466 (2000), in which the Court held that any fact that increases a sentence beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.[1]  Petitioner does cite United States v. Cotton, 535 U.S. 625 (2002), in which the Court held that if an Apprendi issue is not raised at the trial level the sentence is subject only to plain error review.

It is the law of this circuit that an Apprendi-Blakely-Booker claim is unavailable retroactively to cases pending on collateral review and, as stated, a successful savings-clause claim must be based on a retroactively applicable Supreme Court decision. See Varela v. United States, 400 F.3d 864 (11th Cir.), cert.denied ___ U.S.

---

[1] See also Blakely v. Washington, 124 S.Ct. 2531 (2004) (maximum sentence for Apprendi purposes is sentence court could impose on basis of facts reflected in jury verdict or admitted by defendant); United States v. Booker, 125 S.Ct. 738 (2005) (applying Blakely to federal sentencing guidelines).

3

___,126 S. Ct. 312 (2005); <u>Wofford</u>, 177 F.3d at 1244.  Further, <u>Cotton</u> does not open the door to relief under § 2241 because the Court in that case simply explained the standard of review applicable to an <u>Apprendi</u> claim that is raised for the first time on direct appeal, and thus the case does not meet the <u>Wofford</u> requirements. See <u>Wofford</u>, 177 F.3d at 1244.

Accordingly, the Petition is **DISMISSED with prejudice** and the Clerk is directed to enter judgment accordingly, terminate any pending motions, and close this case.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at  Ocala, Florida, this 15th day of December 2005.

_____
UNITED STATES DISTRICT JUDGE

c: Lawrence Holub